**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY**

JEFFREY WAYNE TRUMP,

       Petitioner,

v.                                      CIVIL ACTION NO. 5:20-cv-00445

KILOLO KIJAKAZI,
Acting Commissioner of Social Security

       Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending is Plaintiff Jeffrey Wayne Trump's Complaint [Doc. 2] for review of the decision of the Commissioner of Social Security, filed June 29, 2020.

**I.**

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on June 8, 2021. Magistrate Judge Tinsley recommended that the Court deny Plaintiff's request to reverse the Commissioner's decision [Doc. 16], grant the Commissioner's request to affirm his decision [Doc. 17], affirm the Commissioner's final decision, and dismiss this action from the Court's docket. Mr. Trump timely filed multiple objections on June 22, 2021. [Doc. 19].

**II.**

The Court is required "to make a de novo determination of those portions of the

report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Failure to file timely objection constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989).

### III.

Mr. Trump objects to two of the Magistrate Judge's findings. Specifically, he objects to "the United States Magistrate Judge's finding that the ALJ's RFC analysis of [Mr. Trump's] need for a sit-stand option and restrictions related to his use of a cane to walk are supported by substantial evidence." [Doc. 19 at 1].

The Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (alteration in original) (citing *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curium)). Although "substantial evidence" requires "more than a mere scintilla," it is not a high standard. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence" is merely

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing for substantial evidence, the Court does not reweigh the evidence. *Johnson*, 434 F.3d 650, at 653. In the event reasonable minds might differ, the ALJ's findings will be upheld. *Id.*

The evidentiary record indicates that the ALJ's RFC analysis of Mr. Trump's need for a sit-stand option was supported by substantial evidence. For example, the ALJ considered the report and opinion of Kip R. Beard, M.D., and examined Mr. Trump's treatment records. [*See* Tr.[1] 28–32]. Dr. Beard found no reason Mr. Trump would be unable to sit for extended periods of time. Two additional medical professionals found that Mr. Trump was not limited in his ability to sit for extended periods of time. [Tr. 99, 116]. Mr. Trump voiced his subjective complaints about pain while sitting. [*See. e.g.*, 493]. No medical professional, however, observed Mr. Trump in pain or distress while sitting. [Tr. 635, 641, 658, 772, 778].

Further, Mr. Trump's reliance on a previous ALJ's finding is insufficient for reversal under the "substantial evidence" standard. Mr. Trump asserts "the ALJ did not properly assess the prior ALJ's findings," [Doc. 19], but this is incorrect. "[A]n adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances." *Cuffee v. Berryhill*, 682 F. App'x 156, 159 (4th Cir. 2017); *see Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 479–77 (4th Cir. 1999); *Lively v. Sec'y of Health & Hum. Servs.*, 820 F.2d 1391, 1392 (4th Cir. 1987); *see also* SSAR 00-1(4) (Jan. 12, 2000). There were, however, changes in Mr. Trump's circumstances between the prior ALJ making his findings and the decision at issue in this litigation. Primarily, Mr. Trump underwent an anterior cervical discectomy and fusion. [Tr.

---

[1]     All references to "Tr." Refer to the Transcript of Proceedings. [Doc. 13].

31.] Inasmuch as there was a change in Mr. Trump's circumstances, the ALJ's determination that the record no longer supported the previous finding and that a "limitation to sedentary work" was appropriate is not precluded. In making this determination, the ALJ properly considered the change in Mr. Trump's circumstances, as well as medical opinions and objective medical evidence. [*Id.*] The ALJ's RFC analysis of Mr. Trump's need for a sit-stand option is thus supported by substantial evidence.

Substantial evidence supports the finding Mr. Trump does not need a cane. The ALJ examined the evidence and specifically noted "a number of occasions" when Mr. Trump did not use his cane, including at the hearing. [Tr. 29]. The ALJ also considered Mr. Trump's subjective complaints but found these inconsistent with the medical evidence. The Court thus concludes that the ALJ's findings are supported by substantial evidence.

Accordingly, the Court **ADOPTS** the PF&R [Doc. 18], **DENIES** Mr. Trump's request to reverse the Commissioner's decision, [Doc. 16], **GRANTS** the Commissioner's request to affirm his decision [Doc. 17], **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: November 2, 2021

Frank W. Volk
United States District Judge